IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ERIC JONES, #50222                                                                                              PETITIONER

VERSUS                                                            CIVIL ACTION NO. 4:12-cv-132-CWR-LRA

UNKNOWN 6/5/2012 MEMO TRANSMITTER, et al.                                              RESPONDENTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner filed the instant petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254 as well as relief pursuant to 42 U.S.C. §§ 1983 & 1985.  Petitioner is an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the East Mississippi Correctional Facility, Meridian, Mississippi.  Upon review of the Petition [1] and applicable case law, the Court finds that Petitioner cannot maintain the instant habeas petition, and his request for relief pursuant 42 U.S.C. §§ 1983 & 1985 must be addressed in a separate civil action.

Petitioner is challenging the alleged unlawful deprivation of two years and 350 days of earned time. Pet. [1].  Additionally, Petitioner is alleging that the conditions of confinement relating to the use of psychotic drugs, being subjected to double-cell units, being housed in East Mississippi Correctional Facility as well as his request for monetary damages based on the unlawful deprivation of his earned time have resulted in the violation his constitutional rights.  *Id*.

Initially, this Court must decide whether Petitioner should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983.  *See Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)(citing *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987).  Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement.  *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citing *Cook v. Texas Dept. of Crim. Just. Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994)).  A

petitioner must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id*. (citing *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989)). If Petitioner's claim that he is being unlawfully deprived of two years and 350 days of his earned time credits is proven and this Court grants the requested relief, it could result in Petitioner receiving an early release from custody. With this in mind, this Court has determined that Petitioner's claims relating to the alleged unlawful deprivation of 2 years and 350 days of his earned time must be pursued by filing a petition for habeas corpus relief.

This Court finds that Petitioner has pending a separate petition for habeas relief in *Jones v. Grimes*, civil action number 4:12-cv-138-DPJ-FKB (filed Aug. 27, 2012). Because Petitioner's habeas claims in the instant petition duplicate and repeat those claims in *Jones v. Grimes*, civil action number 4:12-cv-138-DPJ-FKB, the instant habeas will be dismissed without prejudice.

As for his claims concerning the conditions of confinement relating to the use of psychotic drugs, being subjected to double-cell units, being housed in East Mississippi Correctional Facility as well as his request for monetary damages based on the unlawful deprivation of his earned time, these claims will be severed from the instant petition for habeas relief and addressed in a new and separate civil action. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987)(holding that even though Petitioner cannot pursue this habeas petition, if a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983). Petitioner's claims being pursued under 42 U.S.C. §§ 1983 & 1985 will be dismissed without prejudice and will be filed in a separate civil action.

## Conclusion

As stated above, Petitioner cannot proceed with this petition for habeas corpus relief because his petition for habeas relief in *Jones v. Grimes*, civil action number 4:12-cv-138-DPJ-FKB, is

proceeding. Petitioner's 42 U.S.C. §§ 1983 & 1985 claims will be dismissed without prejudice in the instant civil action and a new and separate civil action will be opened to address those claims.

IT IS HEREBY ORDERED:

1. That all remaining pending motions will be denied as moot.

2. That this Court has determined that Plaintiff's claims pursuant to 42 U.S.C. §§ 1983 & 1985 will be severed into a new and separate civil action. The clerk of Court is directed to assign a new civil case number to the severed 42 U.S.C. §§ 1983 & 1985 claims. Further, the clerk of the Court is directed to place a copy of the petition [1] filed August 16, 2012, a copy of the response [5] filed August 27, 2012, and a copy of this order in the newly-created civil action.

3. That this Petition [1] for habeas relief will be denied and this case will be dismissed without prejudice so that Petitioner may proceed in *Jones v. Grimes*, civil action number 4:12-cv-138-DPJ-FKB.

4. That a Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 7th day of November, 2012.

s/Carlton W. Reeves
UNITED STATES DISTRICT JUDGE